DLD-165                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1978
_____

CHRISTOPHER REYES-RECALDE,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of an
Immigration Judge
(Agency No. A246-655-412)
Immigration Judge: Michael Neal
_____

Submitted on Respondent's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 16, 2026
Before: RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed: August 3, 2026)
_____

OPINION[*]
_____

PER CURIAM

        Proceeding pro se, Christopher Reyes-Recalde petitions for review of his final

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

order of removal.  The Government moves for summary denial of the petition as untimely.  For the reasons that follow, we will grant the Government's motion and deny the petition for review.

Reyes-Recalde, a citizen of Ecuador, was charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (present "without being admitted or paroled") and (a)(7)(A)(i)(I) (lacking valid travel documents).  On July 9, 2025, an Immigration Judge ("IJ") sustained the charges, denied Reyes-Recalde's claims for relief, and ordered him removed to Ecuador.  A.R. at 5–8.  No party appealed.  The removal order thus finalized thirty days after entry.  *See* 8 C.F.R. § 1003.39.

On April 24, 2026, Reyes-Recalde filed a petition for review and a motion to stay his removal.  The Government opposed the stay motion and moved for summary denial of the petition for review, arguing it was filed nearly nine months after the removal order became final, long after the deadline of 8 U.S.C. § 1252(b)(1).  On June 16, 2026, Government counsel informed the Court that Reyes-Recalde had been removed to Ecuador on April 29, 2026.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a).  We may take summary action if the appeal does not present a substantial question.  *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.  While § 1252(b)(1) is a claims-processing rule, and not jurisdictional, *see Riley v. Bondi*, 606 U.S. 259, 263 (2025), the Government has not forfeited its timeliness objection, *see Fort Bend County v. Davis*, 587 U.S. 541, 549 (2019), and Reyes-Recalde does not argue otherwise.

Because the IJ's decision became final on August 8, 2025, and Reyes-Recalde's petition for review was filed April 24, 2026, it is facially untimely. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than thirty days after the date of the final order of removal."). In his stay motion, Reyes-Recalde argued that, even if his petition is untimely, equitable tolling applies because of (1) due process violations, (2) lack of meaningful notice of rights, and (3) extraordinary circumstances beyond his control, suggesting that he had a mental health condition. CA Doc. No. 4 at 6, 14–15. We have yet to decide whether equitable tolling applies in this context.[1]

But even if the thirty-day deadline is amenable to tolling, Reyes-Recalde has not carried his burden to show equitable tolling applies. To qualify for tolling, a litigant must show reasonable diligence and an extraordinary circumstance that prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).

Reyes-Recalde has supplied no support for his claimed bases for equitable tolling. In the record, there is evidence that he was diagnosed at some point with posttraumatic stress disorder ("PTSD") *see* A.R. at 352, but he has not shown how any PTSD prevented him from timely filing his petition for review. *See Wallace v. Mahanoy*, 2 F.4th 133, 148–49 (3d Cir. 2021) (holding that petitioners have burden to show that alleged mental health condition actually affected their ability to file a timely petition.). Likewise, he has not explained how any purported due process violations in the agency or a lack of

---

[1] The issue is before us in *Chavez-Barrios v. Attorney General*, C.A. No. 25-2358, *Velasquez Banegas v. Attorney General*, C.A. No. 25-2415, and *Alvarez Gomez v. Attorney General*, C.A. No. 25-2424.

meaningful notice of his rights prevented him from filing a timely petition for review.

For the foregoing reasons, we will grant the Government's motion and deny the petition for review.  The motion to stay removal is denied.